IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
SOUTHERN DIVISION

No. 7:09-CV-170-BO

| | |
|---|---|
| CARLOS A. ALFORD, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | **ORDER &** |
| ) | **MEMORANDUM &** |
| KATRINA KNIGHT, VERNA MANSFIELD, ) | **RECOMMENDATION** |
| CELECIA PEERS, BRIAN MANSFIELD, ) | |
| And GOOD SHEPARD MINISTRIES, ) | |
| ) | |
| Defendants. ) | |

This matter is before the Court on Plaintiff's pro se application to proceed in forma pauperis and for frivolity review. Plaintiff has demonstrated appropriate evidence of inability to pay the required court costs. Accordingly, his application to proceed in forma pauperis under 28 U.S.C. § 1915(a) is allowed.

In addition, pursuant to 28 U.S.C. §§ 1915(e)(2) and 1915A, the Court is required to dismiss all or part of an action found to be frivolous or malicious, which fails to state a claim upon which relief can be granted, or which seeks money damages from a defendant immune from such recovery. See Cochran v. Morris, 73 F.3d 1310, 1315-16 (4th Cir. 1996) (discussing sua sponte dismissal under predecessor statute 28 U.S.C. § 1915(d)). A case is frivolous if it lacks an arguable basis in either law or fact. See Neitzke v. Williams, 490 U.S. 319, 325 (1989).

In this case, Plaintiff Carlos A. Alford alleges that while residing at the Sergeant Eugene Ashley Homeless Veterans Center ("Center"), he was forced to participate in

religious activities against his will. Compl. at 3 [DE-1]. Specifically, Plaintiff asserts that his constitutional rights are being infringed because he is required to sit through religious services and because he was punished for closing his eyes during religious services, and refusing to comment on religious writings or write religious-themed essays. Id. In addition, Plaintiff alleges that he was falsely accused of tampering with equipment but was denied due process and that he is being forced to work against his will. Id.

It is impermissible for the government to advance religion through indoctrination. See Agostini v. Felton, 521 U.S. 203, 226 (1997). In order to establish a constitutional violation, a plaintiff must show (1) that the Center's activities constituted or resulted in indoctrination and (2) that such indoctrination is attributable to the government. See DeStefano v. Emergency Housing Group, Inc., 247 F.3d 397, 414 (2d Cir. 2001). "To 'indoctrinate' means to instruct in a body of doctrine or principles . . . To imbue with a partisan or ideological point of view . . . ." Id. (internal quotations omitted). In addition, the Supreme Court uses the term "inculcate" synonymously with "indoctrinate." Id. "To 'inculcate' is to impress (something) upon the mind of another by frequent instruction or repetition; [to] instill." Id. (internal quotations omitted).

Here, Defendant argues that he is forced to attend daily religious services and comment on religious writings while residing at the Center. He has provided documentation showing that he was chastised for "sleeping during morning devotional" and required to write an essay on "why participating in devotional is important" and to comment during devotional at least once per week in response to his "infraction." Compl. Ex. 1 [DE-1]. In addition, Plaintiff alleges that the Good Shephard Ministries,

which apparently runs the Center, receives government funding. Compl. at 4. At this stage in the litigation, it is unclear as to what extent the United States government funds the Center and whether such funding makes the Center's activities attributable to the government. Although the link between the Center's activities and the government appears to be tenuous, the Plaintiff's complaint cannot be said to be without any basis of law or fact on its face. See DeStefano, 247 F.3d at 402 (concluding that a state's funding of a treatment facility that included Alcoholics Anonymous ("A.A.") sessions, which the court had previously determined to be religious in nature, did not violate the Establishment Clause if "the facility's staff neither coerces clients to attend such sessions nor itself indoctrinates clients in A.A. principles."); Neitzke, 490 U.S. at 325.

In addition to the Center, Plaintiff names four individuals in his suit, Celecia Peers, Brian Mansfield, Katrina Knight, and Verna Mansfield. Celecia Peers and Brian Mansfield appear to be staff members or possibly managers of the Center and they signed the "Letter of Warning," which is related to Plaintiff's allegations of religious indoctriation. Katrina Knight and Verna Mansfied, however, are not mentioned at all by name in Plaintiff's complaint or the attached exhibits. It is the Court's opinion that dismissal of Celecia Peers and Brian Mansfield is not appropriate at this time, but that Katrina Knight and Verna Mansfield should be dismissed from this action.

## **CONCLUSION**

Plaintiffs' motion to proceed in forma pauperis is **GRANTED**, and the Court finds that Plaintiffs' complaint survives frivolity review as to Good Shepard Ministries, Celecia Peers and Brian Mansfield. The Court **RECOMMENDS** that Katrina Knight and Verna Mansfield be **DISMISSED** from this action.

3
Case 7:09-cv-00170-BO   Document 3   Filed 03/15/10   Page 3 of 4

The Clerk shall send copies of this Memorandum and Recommendation to the pro se Plaintiff, who has fourteen (14) days from the date of receipt to file written objections. Failure to file timely written objections shall bar an aggrieved party from receiving a de novo review by the District Court on an issue covered in the Memorandum and, except upon grounds of plain error, from attacking on appeal the proposed factual findings and legal conclusions not objected to, and accepted by, the District Court.

This the 12th day of March, 2010.

_____
DAVID W. DANIEL
United States Magistrate Judge